New York County.—Hon. D. G. ROLLINS, Surrogate.— March, 1882.

## Geoghegan v. Foley.

*In the matter of the guardianship of the infant children of* Daniel Foley, *deceased.*

Section 2852 of the Code of Civil Procedure, which provides that a testamentary guardian who does not qualify within thirty days after probate of the will shall be deemed to have renounced, is inapplicable to a will proved before September 1, 1880.

Under *Laws* 1877, ch. 206, the only method of defeating the rights of a testamentary guardian was by proceedings taken to compel him to qualify within a time specified.

*It seems*, that before the enactment of that chapter, the right of such a guardian to act was derived solely from the appointment in the will (2 *R. S.*, 150, §§ 1, 2).

Where letters were issued to a testamentary guardian February 26, 1878, the decree admitting the will to probate being entered as of March 4, 1878, it appearing, from recitals in the letters and otherwise, that the entry, as of that date, was an inadvertence, and that the date of admission was in fact earlier than that of the letters; on an application to revoke the letters, made after the guardian had been actively engaged for nearly four years in the execution of his trust, by one who was appointed guardian in 1880,—

*Held*, that the decree should be amended by dating it February 26, 1878 ; that the letters of the guardian last appointed should be revoked; and that the petition of the latter for revocation of the former guardian's letters should be denied.

Counter motions by Ellen Geoghegan and John Foley, to revoke letters of guardianship of infant children

of decedent.   The facts appear sufficiently in the opinion.

GEO. O. CLARK, *for Ellen Geoghegan.*

JOHN H. STRAHAN, *for John Foley.*

THE SURROGATE.—In November last, letters of guardianship were issued to an aunt of certain infant children of decedent.   A motion is now made in her behalf to vacate letters previously granted to John Foley, an uncle of the children, as testamentary guardian.   A counter motion is also made to revoke the first mentioned letters. The citations for probate of decedent's will were made returnable February 19, 1878, and on that day were taken the proofs touching its execution.

Upon these papers and proofs, appears the following indorsement, purporting to have been made by my predecessor : "Admitted March 4, 1878, as to Real and Personal.   D. C. C."   The words "March 4," have very manifestly been written over others partly erased.   The words underneath, as I read them, are "Feb'y 26."   On the same paper, there are written, in lead pencil, the words "objection to be filed to granting letters."   These words have been partly obliterated by penciled lines drawn through them.   The letters of guardianship issued to the testamentary guardian, as well as those recorded in the record books of this office, are dated February 26, 1878, and recite that the will had been admitted to probate, February 23, 1878.

The formal decree, admitting the will, recites that opposition was made thereto on February 19, 1878 ; that it was afterward withdrawn, and that the will was admitted March 4, 1878.   In the papers submitted by counsel,

there is nothing to explain these erasures and contradictions. It is certain, however, that the proofs as to the execution of the will were taken on February 19, 1878, the return day of the citation for probate; and it is fair to infer from this, from the recitals in the letters of guardianship, and from the fact of their issuance, that the proofs were regularly taken; that any opposition which had been offered to the probate had been withdrawn before the letters were issued to the testamentary guardian; and that the formal decree admitting the will to probate was entered by inadvertence, as of March 4, 1878, when it should have been entered as of a date on or prior to the date when such letters were issued. There is nothing in the records of this office, or in the papers submitted on this motion, inconsistent with this view. Indeed, it seems to me the only one reconcilable with all the facts. It is not claimed that the testamentary guardian, whose right to letters is questioned, was guilty of any fraudulent or improper conduct in procuring them. For nearly four years, he has been actively engaged in the execution of the trust, and his right so to act is now for the first time challenged. Unless the circumstances of the case imperatively demand it, I ought not, at this late day, to vacate his letters, and by such action, place him in the attitude of an intruder. The circumstances do not seem to me to demand such action. I shall, therefore, in furtherance of justice, permit an amendment of the decree admitting the will to probate, so that it may bear date as of the day when the letters of testamentary guardianship were issued. It goes without saying that the letters issued to the aunt must accordingly be revoked. Indeed, this action would be proper, even if the

letters of the testamentary guardian were a nullity. The will nominating the guardian was proved prior to September 1, 1880. Section 2852 of the Code,—which provides that a testamentary guardian who does not qualify within thirty days after the probate of the will, shall be deemed to have renounced,—is inapplicable to such a will (Matter of Lambrecht, MS., March, 1881; *Redf. Prac.* [2 ed.], 737, 738). The provisions of chapter 206 of the Laws of 1877 indicate the procedure here applicable. By those provisions, the rights of a testamentary guardian, recognized by the Revised Statutes, are liable to be defeated only by an enforced renunciation in the manner prescribed in the act; and although the act of 1877 was repealed by *Laws* 1880, ch. 245, (the repeal to take effect September 1, 1880), still such rights, so secured and so liable to be defeated, seem to have been preserved by section 3352 of the Code. The act of 1877, taken in connection with sections 9 and 10 (3 *R. S.* [6 ed.], 74), provides in substance that, if the testamentary guardian does not qualify within thirty days after the probate, proceedings may be had in the Surrogate's court to compel him to qualify within a time specified. It is in default of his so doing that he is deemed to have renounced. But unless such proceedings are taken to enforce renunciation, there seems to be no limit to the time, within which he may qualify and secure letters, although he is incapable of acting until he has qualified. I think the aunt should have availed herself of these provisions to effect the renunciation of the testamentary guardian, before applying for letters herself. If it be true, as is claimed, that the act of 1877 has been absolutely repealed, and has ceased to operate since September, 1880, the

status of the aunt is practically not improved.   Section 2852, as has been already observed, affords no support to her claims.   The rights of the contestant, in such an event, would be determined by the law as it existed prior to the passage of the act of 1877.   By that law, a testamentary guardian derived his right to act solely from the appointment in the will (3 *R. S.* [6 ed.], 167, §§ 1, 2).   The present testamentary guardian, in that view, would be the lawful guardian, and entitled to act as such even without letters.   I am satisfied, however, that under section 3 of the repealing act of 1880 (which is substantially to the same effect as section 3349 of the Code) the procedure provided by the act of 1877 is continued, as to testamentary guardianships under wills probated before September 1, 1880.

1. The letters issued to Ellen Geoghegan should be revoked.

2. Those of John Foley should stand.

3. The decree admitting the will to probate should be amended as I have indicated.

Ordered accordingly.