## In re CONSTANTINE'S ESTATE.

*(Surrogate's Court, New York County.   March 4, 1889.)*

GUARDIAN AND WARD—APPOINTMENT—QUALIFICATION.

> Code Civil Proc. N. Y. § 2852, providing that, where a will containing the appointment of a guardian is admitted to probate, the person so appointed must qualify within 30 days thereafter, applies only to cases where the guardian can qualify within the prescribed time, and, where one is by will appointed guardian on attaining his majority, he must qualify within 30 days after that time.

Petition by Louis Constantine for letters of testamentary guardianship of the persons and estates of the minor children of Margaret Constantine, deceased.

*Rodman & Adams*, for petitioner.

RANSOM, S.   By the last will and testament of the above decedent, admitted to probate June 19, 1883, Andrew J. Constantine was appointed guardian of the persons and estates of the testatrix's minor children until the petitioner herein should become of age; and at that time he, by the terms of the will, was appointed the guardian of the persons and estates of such of the testatrix's children as should then be minors, and during their minority.   The petitioner attained majority on the 9th day of December, 1884, and he now applies for letters of testamentary guardianship.   The application in this aspect of it is novel, and has never, so far as I am aware, received judicial determination.   Section 2852 of the Code of Civil Procedure provides: "Where a will containing the appointment of a guardian is admitted to probate, the person appointed guardian must, within thirty days thereafter, qualify, as prescribed in section 2594 of this act; otherwise he is deemed to have renounced the appointment.   But the surrogate may extend the time so as to qualify, upon good cause shown, for not more than three months."   My construction of this section is that the clause: "Where a will containing the appointment of a guardian is admitted to probate, the person appointed guardian must within thirty days thereafter qualify," etc., not only was intended to apply to the case where a testamentary guardian could qualify under the terms of the will within thirty days, or three months, after the probate thereof, but also applies to the case where the appointment of a guardian is to take effect upon the happening of any contingency; and in the latter instance, unless he qualifies within thirty days or three months from the date of the happening of the contingency, he is deemed to have renounced the appointment.   In the matter under consideration the contingency happened when the applicant herein attained majority, namely, on December 9, 1884, which was more than a year after the will was admitted to probate.   The applicant, although he has not applied within the time specified in section 2852, nevertheless claims that the court should award him letters of guardianship under the will.   The argument which he has made in support of the interpretation which he insists justifies his claim is a very plausible one.   The construction, however, which Surrogate CALVIN has put upon the section mentioned in his decision of the *Matter of the Estate of Lambrecht*, (19 Daily Reg. No. 95,) accords more with the seeming intention of the section, and the interests of security of infants, and should be followed.   He held that a failure to qualify within the time prescribed by the section involved the loss of all right under the will to letters of testamentary guardianship.   The petitioner having similarly failed to qualify in the present case, his application is denied.